**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

IJEOMA MADUFORO,                       :
                                       :
          Plaintiff,                   :
                                       :
     v.                                : Civil Action No. 09-0287 (JR)
                                       :
URBAN SERVICE SYSTEMS CORP.,           :
                                       :
          Defendant.                   :

**<u>MEMORANDUM</u>**

The complaint in this employment case begins with a sordid tale of sexual harassment, then shifts to allegations of discriminatory discipline, and then asserts two federal claims under 42 U.S.C. § 1981, Count I, for racial discrimination, and Count III, for retaliation.  Plaintiff conceded the dismissal of Count III [#12], because there is no cause of action under § 1981 for retaliation arising from gender discrimination [#9], and defendant then moved for summary judgment as to Count I. Plaintiff responded with a motion for leave to amend her complaint and a Rule 56(f) motion for discovery.  Those motions are now before the Court.

The motion for leave to amend [#23] will be denied. Plaintiff may not amend as a matter of course, because defendant has filed a responsive pleading within the meaning of Rule 15(a)(1)(A), <u>see</u> [#7].  Leave to amend is to be granted "freely . . . when justice so requires," to be sure, <u>Foman v. Davis</u>, 381 U.S. 178, 182 (1962), but in this case justice does

not so require.  The motion is a transparent attempt to shore up

plaintiff's invocation of this Court's "arising under"

jurisdiction by adding one minuscule factual allegation to the

case, namely, that plaintiff did not receive an allowance for car

expenses that was granted to another, white employee, until she

asked for it.

Without plaintiff's car allowance claim, her federal

case collapses.  That is because her Rule 56(f) motion to stay or

deny is so far from meeting the requirements of Rule 56(f) that

it must be denied, with the result that she is left with no

response to the pending motion for summary judgment.

Rule 56(f) is a precision tool for narrowing issues and

controlling what would otherwise be blunderbuss discovery.  "Rule

56 does not require that any discovery take place before a motion

for summary judgment may be granted."  Moore's Fed. Prac.3d

¶ 56.10[8][a].  But Rule 56(f) "provides a means to obtain time

for further discovery", id., if a party opposing summary judgment

shows by affidavit that it cannot present facts essential to

justify its opposition.  The affidavit cannot be a generalized,

speculative request to conduct discovery but must demonstrate

that further specified discovery will defeat a summary judgment

motion -- it must show "specifically how a continuance for

further discovery will enable that party to rebut the assertions

contained in the pending summary judgment motion."  Moore's Fed.

Prac.3d § 576.10[8][d].   See Messina v. Krakower, 439 F.3d 755,
762 (D.C. Cir. 2006) (requiring concrete statement, rejecting
conclusory assertions).

Here the affidavits plaintiff offers in support of her
Rule 56(f) motion are her own and that of the white woman who
says she did receive a car allowance.  The affidavits relate
exclusively to the car allowance claim and have nothing to do
with the claim that was the subject of the motion for summary
judgment.  Thus, plaintiff states, "If I'm not allowed to conduct
discovery, namely deposing defendant's representative Ms. Wilhoit
regarding the car allowance and sending interrogatories and
document requests regarding the car allowance, I will not be able
to defend against defendant's motion for summary judgment."
(Emphasis added.)  But defendant's motion for summary judgment
has nothing to do with the car allowance question; the car
allowance claim was not part of the record when the motion for
summary judgment was filed, and plaintiff's attempt to cobble it
onto the case at this point is rejected.

Defendant's motion for summary judgment asserts (and
supports the assertion with a declaration) that both plaintiff
and Ms. Wilhoit, the person plaintiff alleges was better treated
with respect to discipline on the job, were in fact treated
identically. [#15-2 at 5-6].  The motion also asserts that there
were legitimate and non-discriminatory reasons for plaintiff's

termination.  Plaintiff's response identifies no basis for a finding of pretext.  Without the car allowance claim, in other words, there is nothing to plaintiff's complaint, and she has failed in her Rule 56(f) response to demonstrate that any specified discovery would defeat the summary judgment motion.

What this case is really about, apparently, is plaintiff's claim that she was terminated because she resisted the sexual advances of her superiors.  That, as the record has already established, is a retaliation claim not cognizable under the rubric of 42 U.S.C. § 1981.  Whether the claim is cognizable under the D.C. Human Rights Act, which is the subject of Counts II and IV, is not for this Court to determine.  If the case belongs anywhere, however, it is in Superior Court of the District of Columbia.  I will decline supplemental jurisdiction of plaintiff's DCHRA claims, 28 U.S.C. § 1367(c)(3), and dismiss them without prejudice, so that plaintiff can pursue these claims, if she chooses to do so, across the street.

An appropriate order accompanies this memorandum.


JAMES ROBERTSON
United States District Judge